IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 1:24-cr-00104-RC |
| vs. | AMENDMENT TO DEFENDANT'S SENTENCING MEMORANDUM & REPLY TO THE GOVERNMENT'S SENTENCING MEMORANDUM |
| CHRISTOPHER GEORGE ROCKEY | |

Counsel for the Defendant, Christopher Rockey ("Rockey") filed his sentencing memorandum on October 30, 2024, and Counsel for the Government responded on November 1, 2024. On November 5, 2024, Counsel for the Government notified the undersigned that the Rockey's request for departure in his October 30th sentencing memorandum could be viewed as violative of paragraph C. "Estimated Guidelines Range", of the plea agreement dated June 12, 2024. Specifically, that the provision that states, "neither a downward or upward departure from the Estimated Guidelines Range set for above is warranted", could be in breach if Defendant requests "departure" pursuant to Section 5 of the Sentencing Guidelines. See Plea Agreement, ECF no. 32.

Rather than argue over that, Rockey withdraws his request for a *departure* and asks this Court to review those arguments in his original sentencing memorandum under 18 U.S.C. Sec. 3553(a) and *vary*. Rockey's requested relief is still the same, for this Court to sentencing him to a period of probation, or alternatively to home confinement or "weekend time" at a local detention center and the rationale associated with each argument under Section 5 of the guidelines is realleged as if restated verbatim, but under 18 U.S.C. Sec. 3553(a) rather than Section 5 of the guidelines.

1

## 18 U.S.C. Sec. 3553(a) Factors

(1) <u>Nature and circumstances of the offense and the history and characteristics of the defendant.</u>

Mr. Rockey's actions on January 6, 2021, along with his mental and physical conditions outlined in Defendant's Sentencing Memorandum militate in favor of his request for probation or home confinement. Rockey's pre-existing service-connected disability for PTSD made him ripe for persuasion and easily dupable. He is certainly criminally responsible for his actions, but those actions should be viewed in conjunction with his combat service-connected disability. As discussed in Defendant's original sentencing memorandum and as indicated in the PSR, Mr. Rockey's current therapy for PTSD and nightmares, upon information and belief, are novel, and not offered by U.S. Bureau of Prisons. Allowing him to serve a period of probation, house arrest, or weekend time would allow him to continue with this current therapy regime. Moreover, if he does not receive a custodial sentence of more than sixty (60) consecutive days, he will not lose his VA benefits.

As indicated in the original sentencing memorandum and indicated on page 15 of the PSR, Mr. Rockey has numerous medical problems, including sleep apnea, high blood pressure, and high cholesterol. He takes Amlodipine Besylate and Alirocumab for high cholesterol, which are injectable as he is allergic to all other types. PSR at 16. Upon information and belief, the BOP National Formulary lists the former in pill form but does not list the latter at all.
https://www.bop.gov/resources/pdfs/2022_winter_formulary_part_1.pdf

Dr. Donna Maddox, a forensic psychiatrist, was retained by the Defense in this case to evaluate Mr. Rockey for purposes of sentencing. In her report, she states:

2

**"Conclusions**

1. Mr. Rockey has PTSD and was symptomatic on the day of the rally.

2. Mr. Rockey is undergoing specialized treatment for PTSD which is not offered at BOP. His symptoms are improving.

3. Mr. Rockey is not antisocial and has the capacity to follow any sentences given by the court.

4. If he is confined to BOP, he will require continued, frequent psychiatric care. "

Exhibit #2 to Defendant's Sentencing Memorandum, Dr. Maddox Report, page 3.

Mr. Rockey should have exercised more situation awareness on January 6th. He should have asked more questions, should have known by the chaos surrounding him that entering the Capitol following the "Stop the Steal Rally" was wrong, and he definitely should have known not to wrestle with police trying to clear the portico. Mr. Rockey's service to our Country and his resulting disability do not excuse his conduct, but they do help explain why he did what he did.

(2) The need for the sentence imposed.

Rockey's plea to a "Felony" and subsequent sentencing to probation would adequately reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense. Moreover, his prosecution and the other fifteen hundred (1500) odd prosecutions for January 6th offenses will deter him and others from like misconduct. Counsel is not aware of any need to protect the public from Mr. Rockey, in fact, Mr. Rockey's disability is directly attributable to him protecting the public from our enemies overseas. Finally, a sentence of probation or home confinement would allow Rockey to continue receiving his valuable, both

tangible and intangible, VA disability benefits he has so rightly earned. Mr. Rockey lived an honorable, crime-free life for a half-century before January 6, 2021. There is no reason to believe that he will ever commit another crime.

        Respectfully submitted,

        R. BRADY VANNOY
        ATTORNEY FOR DEFENDANT

By:     s/R. Brady Vannoy
        R. Brady Vannoy, Esquire (#SC0010)
        Vannoy Law Firm
        105 Carolina Avenue
        Moncks Corner, SC 29461
        brady@bradyvannoy.com
        Tel: 843.761.0610
        Fax: 843.761.4458

November 6, 2024